IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AGNES NDENE,

      **Plaintiff,**

  v.                                Civil Action 2:09-CV-892
                                      MAGISTRATE JUDGE KING

THE COLUMBUS ACADEMY,

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court with consent of the parties, 28 U.S.C. sec. 636(c), for consideration of the Defendant's Motion to Partially Dismiss Plaintiff's Complaint (Doc. #7). For the reasons that follow, the motion is denied.

### I.

Plaintiff, Agnes Ndene ["Plaintiff"], brings this action against her former employer, The Columbus Academy ["Defendant"] alleging national origin discrimination in violation of O.R.C. §4112 and Title VII of the Civil Rights Act of 1964 ["Title VII"], 42 U.S.C. §2000e, *et seq.* Plaintiff also claims that the termination of her employment constitutes a breach of contract. This action was originally filed in the Court of Common Pleas for Franklin County, Ohio, and was removed to this Court on the basis of federal question jurisdiction, 28 U.S.C. §1331.

Plaintiff is a native of West Africa. *Complaint,* ¶5. While a student at DeVry University, Plaintiff secured a job as a computer lab assistant with the Defendant. *Id.,* ¶2. According to

Plaintiff, she was "harassed by Caucasian teachers and specifically her supervisor Ms. Zive on the basis of her national origin." *Id.,* ¶5. Plaintiff alleges that she was called derogatory names such as "trash," "monkey," and "from the jungle." *Id.,* ¶6. Plaintiff also alleges that she overheard Ms. Zive state that "[w]e will set a trap to get the rat out[.]" *Id.,* ¶7. Plaintiff believes that, in making this statement, Ms. Zive was referring to Plaintiff. *Id.*

Plaintiff's employment with Defendant was terminated on November 20, 2008, approximately three months after her employment began. *Id.,* ¶8. She claims that her termination was based upon "false allegations" made by Ms. Zive. *Id.* The Defendant moves to dismiss Plaintiff's claim that she was discriminated against on account of her national origin.

**II.**

Defendant moves to dismiss Plaintiff's *Complaint* for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983); *Carter v. Welles-Bowen Realty, Inc.*, 493 F. Supp. 2d 921, 923 (S.D. Ohio 2007). In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). Recently, the Supreme Court of the United States explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). However, a plaintiff's claim for

relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. at 1965. Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### III.

Defendant contends that the *Complaint* fails to adequately plead a claim of national origin discrimination. As Defendant points out, the standard used to analyze Plaintiff's claim under O.R.C. §4112.02(A) is the same as that used under Title VII. *See Bucher v. Sibcy Cline, Inc.*, 137 Ohio App.3d 230, 239-40 (Hamilton Cty. Ct. App. 2000), citing *Plumbers and Steamfitters Commt. v. Ohio Civil Rights Comm.*, 66 Ohio St.2d 192 (1981). Thus, the Court considers Plaintiff's claim for national origin discrimination using the Title VII standard.

#### **National Origin Discrimination - Title VII Standard**

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. §2000e-2(a)(1). A claim for discrimination under Title VII may be established using either direct or indirect evidence of discriminatory intent. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 528 (1993). Direct evidence "is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176

F.3d 921, 926 (6th Cir. 1999). Direct evidence does not require the factfinder to draw any inferences as to discriminatory motive. *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003). "Discriminatory comments can constitute direct evidence of discrimination provided that they were made by an individual involved in the decision-making process regarding the plaintiff's employment." *Benjamin v. Brachman*, 246 Fed. Appx. 905, 2007 WL 2264513 at *14 (6th Cir. August 8, 2007), citing *Carter v. Univ. of Toledo*, 349 F.3d 269, 273 (6th Cir. 2003). Comments made persons not involved in decision-making do not amount to direct evidence of discrimination. *Id.*, citing *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 433 (6th Cir. 2002).

Indirect or circumstantial evidence of discrimination permits an inference that the employer acted with a discriminatory motive. *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997). A claim for discrimination using indirect evidence is analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981). In this regard, a plaintiff must first establish a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was otherwise qualified for the position; and (4) other individuals outside the protected class received more favorable treatment. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582-83 (6th Cir. 1992).

Once a plaintiff establishes a *prima facie* case, the burden shifts to the defendant employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 548 (6th Cir. 1991). If the defendant employer satisfies this burden, the plaintiff must then demonstrate that the defendant's reason was a pretext for unlawful discrimination. *Id.* Pretext may be shown by evidence that the employer's reason is false or

4

unworthy of credence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). It is important to note that, although the burdens of production shift during the analysis, the ultimate burden of persuasion remains at all times with the plaintiff. *Newman v. Fed. Express Corp.*, 266 F.3d 401, 405 (6th Cir. 2001).

**Analysis**

The Defendant in this action argues, first, that the *Complaint* fails to plead a claim for national origin discrimination to the extent that it relies on direct evidence to support the claim. Defendant acknowledges that the comments referenced in the *Complaint,* ¶6, *i.e.,* that Plaintiff was allegedly referred to as "monkey" and "from the jungle," could implicate Plaintiff's national origin. *Defendant's Motion to Dismiss*, p. 7, Doc. No. 7. Defendant argues, however, that because Plaintiff fails to attribute the comments to a person involved in the decision-making process, her claim for discrimination must fail. Defendant also argues that the alleged reference to Plaintiff as "trash" and that "we will set a trap to get the rat out"[1] do not amount to direct evidence of discrimination because inferences must be made in order to regard those comments as discriminatory. According to Defendant, "[a] jury would have to make substantial inferences to conclude that the discriminatory intent behind these vague, stray remarks made by unidentified teachers and perhaps Ms. Zive somehow related to her termination." *Id.,* p.8.

At the outset, the Court observes that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial

---

[1] Plaintiff alleges that Ms. Zive made the comment about setting a trap to get the "rat" out. *Complaint,* at ¶7.

experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). In this Court's view, although Plaintiff did not identify the person who allegedly called her a "monkey" and "from the jungle," dismissal of any claim based on direct evidence of discrimination is not appropriate. Although a complaint must set forth factual allegations that raise a right to relief beyond the speculative level, nevertheless the allegations need not be detailed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff has identified the alleged discriminatory comments. While it is true that, in order to constitute direct evidence of discrimination the comments must be attributable to an individual who played a role in the decision-making process, the Court concludes that Plaintiff's failure to identify in the *Complaint* the individual who allegedly made these comments is not fatal to her claim. Plaintiff has articulated "a short and plain statement of the claim," Fed. R. Civ. P. 8(a), and her allegations are not conclusory in nature.

As to Plaintiff's allegations that she was called "trash" and that "we will set a trap to get the rat out," the Court declines to conclude, at this juncture, that the comments cannot support a claim for national origin discrimination. Whether the alleged comments require an evidentiary inference in order to amount to discriminatory motive is not a matter to be resolved at this stage of the proceedings. At this stage, the Court does not evaluate the likelihood of success on Plaintiff's allegations, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556, but rather whether Plaintiff has pleaded a claim that alleges more than the possibility of misconduct. *Id.*

Defendant also seeks dismissal of Plaintiff's claim insofar as it relies on indirect evidence of discrimination. Defendant argues that because Plaintiff fails to allege in her *Complaint* that she was treated less favorably than similarly situated employees outside her protected class, her claim

must necessarily fail. *Defendant's Motion to Dismiss*, p. 9, Doc. No. 7.[2] The Court disagrees. Again, the Defendant has been given fair notice of the claim and the grounds upon which it rests. The allegations contained in Plaintiff's complaint are not conclusory in nature. Moreover, as the Supreme Court held in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002), "[t]he *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." Thus, this Court concludes that Plaintiff's failure to specifically plead that she was treated less favorably than an individual outside her protected class does not warrant dismissal of this claim.

The Court concludes that the allegations in Plaintiff's *Complaint* are sufficient to survive a Rule 12(b)(6) motion.

As a final matter, the Court notes Defendant's request to strike Plaintiff's memorandum *contra* because it was allegedly not signed by counsel. *Reply Memorandum*, p.7, Doc. No. 11. The memorandum *contra* contains a "digital signature" of attorney Kendall D. Isaac. While the signature does not use the "s/" form required by S.D. Ohio Civ. P. 83.5(c), the Court declines to strike Plaintiff's memorandum. However, Plaintiff's counsel is advised to review the Court's local rules and to comply with the signature requirement in all future filings.

The Defendant's Motion to Partially Dismiss Plaintiff's Complaint (**Doc. #7**) is **DENIED**.

**IT IS SO ORDERED.**

March 17, 2010                          *s/Norah McCann King*
                                                          Norah McCann King
                                                          United States Magistrate Judge

---

[2] The Court notes that the case Defendant cites in this regard, *Tepper v. Potter*, 505 F.3d 508 (6th Cir. 2007), evaluated a claim for discrimination on summary judgment, not at the pleading stage.